IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OCHANG BASHROBA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-43-N-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ochang Bashroba, a Texas prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, Petitioner's habeas application should be dismissed on limitations grounds.

**Background**

Petitioner pleaded guilty to aggravated assault, and he was placed on deferred adjudication probation for three years in Cause No. F04-53118-MQ in the 204th Judicial District Court of Dallas County, Texas. *See Bashroba v. State*, No. 05-06-00232-CR, 2007 WL 1018639 (Tex. App. – Dallas, Apr. 5, 2007, pet. ref'd). The State filed a motion to revoke probation and to adjudicate Petitioner's guilt. *See id*. The trial court adjudicated Petitioner's guilt and sentenced Petitioner to fifteen years imprisonment. *See id*.

Petitioner states, and public records show, that he was adjudicated guilty and

-1-

sentenced on February 16, 2006. *See* Dkt. No. 10 at 2.[1] The judgment was affirmed on direct appeal. *See id*. The Texas Court of Criminal Appeals refused the petition for discretionary review on September 26, 2007. *See Bashroba v. State*, PD-0615-07 (Tex. Crim. App. Sept. 26, 2007); *see also* Dkt. No. 10 at 3. Petitioner states, and public records show, that he did not file a petition for writ of certiorari in the United States Supreme Court. *See* Dkt. No. 10 at 3.

Petitioner states that his first state habeas corpus application was dismissed on March 17, 2008, because his direct appeal was pending. *See* Dkt. No. 10 at 4. But, public records show his first state habeas corpus application was dismissed on October 4, 2006, because his direct appeal was pending. *See Ex parte Bashroba*, WR-65,713-01 (Tex. Crim. App. Oct. 4, 2006).

Petitioner states that another state habeas corpus application was denied without written order on October 1, 2008, in Cause No. WR-65,713-03. Public records show Petitioner filed a second state habeas corpus application that was denied without written order on May 21, 2008. *See Ex parte Bashroba*, WR-65,713-02 (Tex. Crim. App.

---

[1] Public records also show that Petitioner was placed on deferred adjudication probation on September 28, 2004. The general rule is that the statute of limitations for guilt issues began on that date. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005). But, under Texas state law, a defendant may appeal from the revocation of deferred adjudication and the adjudication of guilt and raise an issue that the trial court never had jurisdiction. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001). That could affect the date on which the statute of limitations begins to run when a petitioner raises such a claim in a federal habeas petition. But, in the present case, the federal habeas corpus petition is time-barred for all issues, even using the later date, February 16, 2006, on which probation was revoked, guilt was adjudicated, and the fifteen-year sentence was imposed.

May 21, 2008). Public records show that Petitioner then filed a motion for leave to file a petition for writ of mandamus and that the Court of Criminal Appeals denied leave to file on October 1, 2008. *See In re Bashroba*, WR-65,713-03 (Tex. Crim. App. Oct. 1, 2008).

Petitioner states that he placed his federal habeas corpus petition in the prison mail system on February 26, 2014. *See* Dkt. No. 10 at 10. For purposes of this recommendation, the undersigned uses that as the filing date. *See Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998) (applying prison mailbox rule to federal habeas petitions).

Petitioner contends that the indictment was forged, resulting in a void conviction. He claims prosecutorial misconduct because he was prosecuted with a fabricated indictment. Petitioner asserts that the trial court lacked jurisdiction to place him on deferred adjudication probation and to revoke probation and sentence him. Petitioner contends that another charge in Cause No. F05-058395 was false and that that charge was used to revoke his probation in Cause No. F04-53118-MQ. *See* Dkt. No. 10 at 6-7.

This Court noted that the petition appears to be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and directed Petitioner to show cause why the petition should not be dismissed as time-barred. *See* Dkt. No. 13. Petitioner has responded. *See* Dkt. No. 14. Petitioner does not assert that his petition is timely. Instead, he asks that the untimeliness be excused, and he claims that a void judgment may be attacked at any time.

**Legal Standards**

Section 2254 federal habeas corpus proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2244(d). The statute provides that the limitations period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

**Analysis**

Petitioner was found guilty of aggravated assault, his conviction was affirmed

on direct appeal, his petition for discretionary review was refused on September 26, 2007, and Petitioner did not file a petition for writ of certiorari. For purposes of this recommendation, the undersigned assumes that the statute of limitations for all Petitioner's grounds began to run when the time expired for filing a petition for writ of certiorari on December 25, 2007, which was 90 days after the petition for discretionary review was refused. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th cir. 2003) (finality is established by the expiration of the 90-day period to seek further review with the Supreme Court).

The limitations period is tolled during the pendency of a properly filed application for State post-conviction or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The last state court ruling for Petitioner was handed down when the Texas Court of Criminal Appeals denied leave to file a petition for writ of mandamus on October 1, 2008. *See In re Bashroba*, WR-65,713-03 (Tex. Crim. App., October 1, 2008). A petition for writ of mandamus is not an application for state post-conviction or other collateral review that can toll under Section 2244(d)(2). *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002); *see Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eight District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction.... Any other proceeding shall be void and of no force and effect in discharging the prisoner. Article 11.07, Section 3, supra."). But, even if Petitioner is given statutory tolling through the date on which he

was denied leave to file his petition for writ of mandamus, the federal habeas petition is time-barred. For purposes of this recommendation, the undersigned assumes the limitations period was tolled from when it began on December 25, 2007 through the denial of leave to file the petition for writ of mandamus on October 1, 2008.

Even giving Petitioner all possible time for statutory tolling, his federal petition was filed at the earliest on February 26, 2014, which is the date on which he states he placed it in the prison mail system. Therefore, his federal petition is untimely by at least over five years.

The one-year limitations period is subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *Riggs,* 314 F.3d at 800 n.9. Equitable tolling principally applies where the defendant actively misled the petitioner about the case or where something extraordinary prevented petitioner from asserting his rights. *See Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th Cir. 2000); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000); *Molo v. Johnson,* 207 F.3d 773 (5th Cir. 2000).

Petitioner states that he did not know how to read or write English very well when he was convicted. *See* Dkt. No. 14 at 1. According to Petitioner, he was not raised in this country, and there are many things about the United States legal system that he does not understand. *See id.* He asserts that he did not know he needed to file a Section 2254 petition until he arrived at the Bill Clements Unit. *See id.* He states that the law library and inmate legal handbook at the Roach Unit did not inform him that he needed to file a Section 2254 petition. *See id.* Petitioner states that he did not know

that he only had one year in which to file a Section 2254 petition. *See d.* at 1-2. Petitioner states that he is raising constitutional issues regarding his conviction. *See id.* at 2. He also argues that his judgment is void and that a void judgment may be attacked at any time, citing *Nix v. State*, 65 S.W.3d 664 (Tex. Crim. App. 2001).

Petitioner has not shown he is entitled to equitable tolling. A petitioner's *pro se* status, lack of legal training, ignorance of or unfamiliarity with the law, and illiteracy do not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also Garcia v. Quarterman*, No. 3:07-cv-1048-L, 2009 WL 186011, at *3 (N.D. Tex. Jan. 26, 2009) (inability to speak English is not a basis for equitable tolling). Whether claims have merit is not a factor in determining equitable tolling. And the concept of attacking void judgments at any time is a state-law matter and is not an exception to the federal Section 2244(d) statute of limitations. *See Randall v. Director*, No. 2:07-cv-204, 2008 WL 2128231, at *2 (E.D. Tex. May 15, 2008) (citing *Nortonsen v. Reid*, 133 F. App'x 509, 510-11 (10th Cir. 2005)).

## Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 2, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE